IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00711-REB-MEH

JUDY LAWRENCE and
GALE GREENSTREET,
as Co-Trustees of the Red River Trust,

      Plaintiffs,

v.

DISTRICT COURT JUDGE O. JOHN KUENHOLD,
acting without Jurisdiction of the proper parties,

      Defendant.

---

## RECOMMENDATION FOR DISMISSAL

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

By Order of Reference to United States Magistrate Judge, filed on April 18, 2006, this matter was referred to this Court for all purposes under 28 U.S.C. § 636(b)(1)(A) and (B) and Fed.R.Civ.P. 72(a) and (b), including making recommendation on matters dispositive of the lawsuit. A review of the Complaint in this matter reveals that this Court lacks jurisdiction and therefore, it is **recommended** that this case be dismissed prior to response or appearance by the named Defendant.

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a <u>de novo</u>

determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

## BACKGROUND

On April 17, 2006, the Plaintiffs, proceeding *pro se,* filed this lawsuit by submitting to the Court a nine-page pleading  with approximately seven pages of attachments (Docket #1).  The pleading is titled "Complaint for Vacation of a Void Judgment" ("Complaint").   In the Complaint, they allege that their due process rights were violated by the Defendant during quiet title proceedings held in the District Court of Alamosa County, Colorado, based on the Defendant's entry of judgment against Martin Delene Stafford and issuance of a Quiet Title to Eddie Stafford, as Administrator of the Estate of Alex Stafford, deceased, when, in fact, the Red River Trust owned the property in question. As redress for the constitutional violation, and other injuries, the Plaintiffs ask that the state court judgment be vacated and title to the property be returned to the Red River Trust.

Upon review of the Complaint prior to scheduling case management proceedings under Fed.R.Civ.P. 16(b), the jurisdictional bar arising under the *Rooker-Feldman* doctrine was apparent from the face of the Complaint. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Accordingly, on April 19, 2006, an Order to Show Cause was issued to the Plaintiffs allowing them until and including May 9, 2006, in

which to show cause, in writing and filed with the Court, why their Complaint should not be dismissed based upon a lack of jurisdiction. On May 8, 2006, the Plaintiffs filed their response to the Order to Show Cause. However, the response fails to demonstrate that the Complaint should not be dismissed under *Rooker-Feldman*. Therefore, dismissal is appropriate in this action.

## DISCUSSION

Because the Plaintiffs are proceeding without counsel, the Court must construe their pleadings and other filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. Although the Court must liberally construe *pro se* pleadings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Whether this Court has jurisdiction over the Complaint is an issue which the Court must address before allowing the case to proceed. *See* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *see also Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (court has a duty to determine subject matter jurisdiction *sua sponte*). From the face of the Complaint, it would appear that this Court does not have subject matter over the claims pursued by the Plaintiffs.

If state court proceedings have been concluded, federal courts are barred from reviewing any judgments of the state court by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine is a jurisdictional prohibition that is based on 28 U.S.C. § 1257 which holds that federal review of state

court judgments may be obtained only in the United States Supreme Court.  *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994) (holding that the *Rooker-Feldman* doctrine bars "what in substance would be appellate review of the state judgment in a United States district court, based on the [a] claim that the state judgment itself violates . . . federal rights").

Although the Plaintiffs broadly allege a violation of due process rights and other claims, the facts presented in the Complaint and the claims for relief describe the very types of circumstances that are covered by the *Rooker-Feldman* doctrine. In their response to the Order to Show Cause, the Plaintiffs argue that since they were not parties to the state court lawsuit, they are not a losing party and never had the chance to defend against the action.  Therefore, they argue, their claims are not barred under *Rooker-Feldman*.  It is true that in the Tenth Circuit, the *Rooker-Feldman* doctrine "should not be applied against non-parties" to a state-court judgment.  *Johnson v. Rodrigues (Orozco)*, 226 F.3d 1103, 1109 (10th Cir. 2000) (citing *Johnson v. De Grandy*, 512 U.S. 997, 1005 (1994)); *Johnson v. Riddle*, 305 F.3d 1107, 1116 (10th Cir. 2002) (calling this rule "well settled"). However, the Court of Appeals for the Tenth Circuit has clarified "that the 'parties' to a state-court judgment for *[Rooker-Feldman]* purposes include all persons *directly bound by the state-court judgment*, whether or not they appear in the case caption."  *See Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1235 n.2 (10th Cir. 2006) (emphasis in original) (citing *Kenmen Engineering v. City of Union*, 314 F.3d 468, 481 (10th Cir. 2002) abrogated on other grounds by *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)).  The Tenth Circuit court has opined that the *Rooker-Feldman* doctrine applies in "any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full

4

and fair opportunity to litigate [their] claims." *Kenmen Engineering*, 314 F.3d at 478.  In this regard, it is proper to focus on the relief sought by a plaintiff in making this determination.  *Id*. at 481.  Under Colorado law, the very purpose of a quiet title action is to determine any and all rights to real property, regardless of the origin or source of the rights, in a single action.  *See Keith v. Kinney*, 961 P.2d 516, 519 (Colo. Ct. App. 1997).  In this case, because the state court judgment is a binding determination with regard to the title of the property in question as against interested and adverse parties, it does not matter whether the Plaintiffs were actual parties to the state court action or not. They are bound by the judgment of the state court unless and until that judgment has been overturned or vacated.

While the Plaintiffs do attempt to delineate claims which are distinct from the quiet title action in state court by raising constitutional and other claims in their lawsuit in this Court, ultimately they are seeking to void or overturn the very state court judgment issued in the quiet title proceedings, claiming that the lawful owner of the property in question was not correctly determined by that court. As explained above, however, federal courts are prohibited by the *Rooker-Feldman* doctrine from reviewing the actions or judgments of state courts.  Additionally,  this doctrine is broader than that statement would imply.  It not only bars consideration of issues that were actually presented to and decided by a state court, against the parties appearing in that court, it also bars consideration of constitutional claims that are "inextricably intertwined with" issues that were ruled upon by a state court.  *See Feldman,* 460 U.S. at 483-84 n.16.

A constitutional claim is inextricably intertwined with issues reached by a state court "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995).  In short, *Rooker-Feldman*

precludes a federal action if the relief requested in the federal action would effectively reverse some action or decision by a state court, or would effectively void its ruling. *Id*. In order to determine whether claims are inextricably intertwined, "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996); *see also Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 707 (10th Cir. 2004) (holding that courts should ask "'whether the state-court judgment caused, actually and proximately, the injury for which [the party] seeks redress'") (quoting *Kenman Engineering v. City of Union*, 314 F.3d 468, 476 (10th Cir. 2002)).

The allegations that Plaintiffs present in their lawsuit reflect that virtually all of their complaints in regard to due process violations and any other injuries alleged are related to the procedures that were followed, or the rulings that were entered, in the state court quiet title action. In fact, the Defendant is the state court judge who presided over the quiet title proceedings, and the very relief they seek is that the state court judgment be vacated. These are precisely the types of efforts that are addressed by the *Rooker-Feldman* doctrine.

Plaintiffs are "parties" to the state court judgment for *Rooker-Feldman* purposes and their claims in this Court with regard to due process violations and other claims appear to be "inextricably intertwined" with the consequences or injuries that were allegedly suffered by Plaintiffs as a result of the proceedings in state courts. As a general rule, *Rooker-Feldman* teaches, correction of such problems must proceed through the state courts to the United States Supreme Court, and such problems cannot be presented to the federal district courts for its review of the proceedings. 28 U.S.C. § 1257.

## CONCLUSION

Based on the foregoing discussion, and the entire record herein, it is hereby **recommended** that this matter be **dismissed**, in its entirety, without prejudice.[1]

Dated at Denver, Colorado, this 9th day of May, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1]  *See Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1216-17 (10th Cir. 2002) (finding that a dismissal for lack of jurisdiction does not address the merits of a claim, and is therefore without prejudice).