IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00711-REB-MEH

JUDY LAWRENCE and
GALE GREENSTREET,
as Co-Trustees of the Red River Trust,

      Plaintiffs,
v.

DISTRICT COURT JUDGE O. JOHN KUENHOLD,
acting without Jurisdiction of the proper parties,

      Defendant.

---

## RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendant's Motion to Dismiss [Docket #11]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation. For the reasons set forth below, the Court RECOMMENDS that the District Court **grant** Defendant's Motion.

**I.**     **Facts**

Plaintiffs' Complaint, titled "Complaint for Vacation of a Void Judgment," alleges that their due process rights were violated by the Defendant during quiet title proceedings held in the District Court of Alamosa County, Colorado, because Defendant entered judgment against Martin Delene Stafford and issued a Quiet Title to Eddie Stafford, Administrator of the Estate of Alex Stafford, deceased. Plaintiffs' allege that the Red River Trust owned the property in question. As redress for the constitutional violation, and other injuries, the Plaintiffs ask that the state court judgment be vacated and title to the property be returned to the Red River Trust; that all judgments "in all

associated and related cases" be voided; and other relief as necessary to "alter the behavior of the State Court and Judges thereof." Complaint at ¶¶ 28-31.

Defendant filed the instant Motion to Dismiss relying, in part, on this Court's reasoning in its Recommendation to Dismiss (Docket #5) issued *sua sponte* after this Court determined from the face of Plaintiffs' Complaint that no federal jurisdiction existed due to the *Rooker-Feldman* doctrine. In response, Plaintiffs argue that they are not losing parties in the state court action and are, therefore, not bound by that judgment because they were never made a party to the state court action.

**II.     Discussion**

      **A.     Legal Standard for Motion to Dismiss under Fed. R. Civ. P. 12(b)(1)**

A Motion to Dismiss brought under Fed. R. Civ. P. 12(b) should be granted only if Plaintiffs can prove no set of facts in support of their claims that would entitle them to relief. *Sutton v. Utah State Sch. For Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). All well-pleaded factual allegations in the Complaint must be taken as true and viewed in the light most favorable to the non-moving party. *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). The issue in reviewing the sufficiency of Plaintiffs' Complaint is not whether Plaintiffs will prevail, but whether Plaintiffs are entitled to offer evidence to support their claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), (overruled on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). Although Plaintiffs need not state each element of their claims precisely, they must plead minimal factual allegations on those material elements that must be proved. *See* Fed.R.Civ.P. 8(a); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Because Plaintiffs are *pro se*, the Court construes their pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003). Even so, Plaintiffs still retain "the burden of

alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This burden remains because "*pro se* plaintiff[s] requires no special legal training to recount the facts surrounding [their] alleged injury, and [they] must provide such facts if the court is to determine whether [they] makes out a claim on which relief can be granted." *Id.*

### B.     *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine is a jurisdictional prohibition that is based on 28 U.S.C. § 1257, which holds that federal review of state court judgments may be obtained only in the United States Supreme Court.  *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Distrist of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *see also Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994) (holding that the *Rooker-Feldman* doctrine bars "what in substance would be appellate review of the state judgment in a United States district court, based on [a] claim that the state judgment itself violates . . . federal rights").

Here, Plaintiffs allege that the judgment entered in state district court is in error and violates their constitutional rights. These allegations, and Plaintiffs' requested relief, are squarely within the scope of the *Rooker-Feldman* doctrine, and preclude this Court from reviewing Plaintiffs' claims.

#### 1.     **Plaintiffs are parties to the state court action under *Rooker-Feldman***

Plaintiffs argue that because they were not a party to the state court action, they are not a losing party under *Rooker-Feldman*. Although the *Rooker-Feldman* doctrine does not apply to "non-parties," Plaintiffs fall within the Tenth Circuit's definition of parties to a state-court judgment. The Tenth Circuit has clarified "that the 'parties' to a state-court judgment for *[Rooker-Feldman]* purposes include all persons *directly bound by the state-court judgment*, whether or not they appear in the case caption." *See Mo's Express, LLC v. Sopkin*, 441 F.3d 1229, 1235 n.2 (10th Cir. 2006)

(emphasis in original) (citing *Kenmen Engineering v. City of Union*, 314 F.3d 468, 481 (10th Cir. 2002), *abrogated on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)).

The *Rooker-Feldman* doctrine applies in "any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate [their] claims." *Kenmen Engineering*, 314 F.3d at 478. In this regard, the proposer focus is on the relief sought by a plaintiff, not a plaintiff's role in the state court action. *Id*. at 481. Under Colorado law, the very purpose of a quiet title action is to determine any and all rights to real property, regardless of the origin or source of the rights, in a single action. *See Keith v. Kinney*, 961 P.2d 516, 519 (Colo. Ct. App. 1997). In this case, the state court judgment is a binding determination of the title of the property in question as against interested and adverse parties, regardless of whether Plaintiffs were actual parties to the state court action. Hence, they are bound by the judgment of the state court unless and until that judgment has been overturned or vacated.

### 2.     Plaintiffs' claims are inextricably-intertwined with state court action

*Rooker-Feldman* not only bars consideration of issues that were actually presented to and decided by a state court, but it also bars consideration of constitutional claims that are "inextricably intertwined with" issues that were ruled upon by a state court. *See Feldman,* 460 U.S. at 483-84 n.16. A constitutional claim is inextricably intertwined with issues reached by a state court "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995). In short, *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse some

action or decision by a state court, or would effectively void its ruling. *Id*.

To determine whether claims are inextricably intertwined, "the fundamental and appropriate question to ask is whether the injury alleged by the federal plaintiff resulted from the state court judgment itself or is distinct from that judgment." *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996); *see also Pittsburg County Rural Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 707 (10th Cir. 2004) (holding that courts should ask "'whether the state-court judgment caused, actually and proximately, the injury for which [the party] seeks redress'") (quoting *Kenman Engineering v. City of Union*, 314 F.3d 468, 476 (10th Cir. 2002)).

While Plaintiffs do set forth claims which are distinct from the quiet title action in state court by raising constitutional and other claims in their lawsuit in this Court, ultimately they are seeking to void or overturn the state court judgment issued in the quiet title proceedings by claiming that the lawful owner of the property in question was not correctly determined by that court. Virtually all of Plaintiffs' claims in regard to due process violations and any other injuries alleged are related to the procedures that were followed, or the rulings that were entered, in the state court quiet title action. In fact, Defendant is the state court judge who presided over the quiet title proceedings, and the very relief they seek is that the state court judgment be vacated and other relief to later the behavior of the state court. Complaint at ¶ 31. These are precisely the types of efforts that are addressed by the *Rooker-Feldman* doctrine.

In sum, Plaintiffs are "parties" to the state court judgment for *Rooker-Feldman* purposes, and their claims in this lawsuit are "inextricably intertwined" with the injuries allegedly suffered by Plaintiffs as a result of the judgment entered in state court. Under *Rooker-Feldman*, the redress for these alleged injuries is through the state court appellate process to the United States Supreme Court.

Federal district courts can neither address these injuries nor review the state court proceedings. 28 U.S.C. § 1257.

**III.     Conclusion**

Accordingly, for the reasons stated above, the Court RECOMMENDS that Defendant's Motion to Dismiss [Filed June 5, 2006; Docket #11] be **granted** and that the District Court dismiss this case without prejudice for lack of jurisdiction. Plaintiff seeks a review of a state court judgment by this Court, rather than by intervening in the state court action and appealing that judgment through the appropriate state court process. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 18th day of July, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).