**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  06-cv-00711-REB-MEH

JUDY LAWRENCE and
GALE GREENSTREET,
as Co-Trustees of the Red River Trust,

      Plaintiffs,

v.

DISTRICT COURT JUDGE O. JOHN KUENHOLD,
acting without Jurisdiction of the proper parties,

      Defendant.

---

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

---

**Blackburn, J.**

      The matters before me are (1) the magistrate judge's **Recommendation for Dismissal** [#5], filed May 10, 2006; (2) **Plaintiffs [sic] Objection to "Recommendation for Dismissal** [#9], filed May 24, 2006; (3) the magistrate judge's **Recommendation on Defendant's Motion to Dismiss** [#15], filed July 18, 2006; and (4) **Plaintiffs [sic] Objection to "Recommendation on Defendant's Motion to Dismiss"** [#18], filed July 26, 2006.  I overrule plaintiffs' objections, approve and adopt the recommendation, and dismiss plaintiff's claims.

      As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendations to which cognizable objections have been filed, and have considered carefully the recommendations, objections, and applicable case law.  In addition, because plaintiffs are proceeding *pro se*, I have construed their pleadings more liberally

and held them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The recommendations are detailed and well-reasoned.  Plaintiffs' objections are imponderous and without merit. Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendations proposed by the magistrate judge should be approved and adopted.

Moreover, I find and conclude that Judge Kuenhold is entitled to absolute judicial immunity in this case, as the acts of which plaintiffs complain were all taken within his capacity as a judicial officer.  *See Lewis v. Mikesic*, 2006 WL 2053868 at *1 (10th Cir. July 25, 2006) (judge does not act in the clear absence of all jurisdiction, and thus is entitled to absolute immunity, when act complained of is function normally performed by a judge) (citing *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 1107, 55 L.Ed.2d 331 (1978)).  Federal subject matter jurisdiction therefore is lacking on this basis as well.  *See Tuck v. United Services Automobile Assocation*, 859 F.2d 842, 844 (10th Cir. 1988) (affirming district court's duty, pursuant to Fed.R.Civ.P. 12(h)(3), to determine questions of jurisdiction at any time it appears that jurisdiction may be lacking, regardless whether the parties have raised the issue).

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Recommendation for Dismissal** [#5], filed May 10, 2006, as well as the **Recommendation on Defendant's Motion to Dismiss** [#15], filed July 18, 2006, are **APPROVED AND ADOPTED** as orders of this court;

2.  That **Plaintiffs [sic] Objection to "Recommendation for Dismissal** [#9],

2

filed May 24, 2006, and **Plaintiffs [sic] Objection to "Recommendation on Defendant's Motion to Dismiss"** [#18], filed July 26, 2006, are **OVERRULED** and **DENIED**;

      3.  That plaintiffs' claims are **DISMISSED WITH PREJUDICE**.

Dated August 9, 2006, at Denver, Colorado.

                  **BY THE COURT:**

                  **s/ Robert E. Blackburn**
                  **Robert E. Blackburn**
                  **United States District Judge**