**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JUDY LAWRENCE and GALE
GREENSTREET, as Co-Trustees of
the Red River Trust,

      Plaintiffs-Appellants,

   v.

O. JOHN KUENHOLD, District Court
Judge acting without jurisdiction of
the proper parties,

      Defendant - Appellee.

No. 06-1397
D. Colo.
(D.C. No. 06-CV-00711-REB-MEH)

---

**ORDER AND JUDGMENT**[*]

---

Before **O'BRIEN**, **McKAY**, and **HOLMES**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

Judy Lawrence and Gale Greenstreet filed a complaint in federal district court against O. John Kuenhold, a judge in the District Court of Alamosa County, Colorado, alleging he violated their due process rights by entering default judgment in a quiet title action to which Lawrence and Greenstreet were not parties.  The court dismissed the complaint with prejudice, concluding it was barred by the *Rooker-Feldman* doctrine and judicial immunity.  We affirm.

## I.  BACKGROUND

As it appears from the limited record, Eddie Stafford, Administrator of the Estate of Alex Stafford, filed a quiet title action against Martin Stafford, trustee of the A. M. & J. Trust, in Colorado state court.[1]  Judge Kuenhold presided over the case and entered default judgment against Martin Stafford.  Lawrence and Greenstreet claim the judgment was entered in contravention of Rule 105(b) of the Colorado Rules of Civil Procedure, which provides: "No person claiming any interest under or through a person named as a defendant need be made a party *unless his interest is shown of record* in the office of the recorder of the county where the real property is situated, and the decree shall be as conclusive against him as if he had been made a party . . . . " (emphasis added).  They claim the A. M. & J. Trust transferred the property at issue to the Red River Trust, of which they are co-trustees, by a warranty deed that was recorded.

---

[1]  The record does not contain any pleadings or other documents from the state court action.  Thus, we rely on the parties' description of the relevant events.

Instead of seeking relief in state court, Lawrence and Greenstreet filed a

*pro se* "Complaint for Vacation of a Void Judgment" in federal court alleging a

due process claim, among others.[2]  (R. Vol. I, Doc. 1 at 1.)  The complaint seeks

the following relief: (1) title to the property at issue be returned to the Red River

Trust and the Red River Trust be compensated for the costs of suit; (2) the

judgment entered by Judge Kuenhold be vacated and voided, along with any and

all judgments in related cases; and (3) "[s]uch other relief as the Court may feel is

needed to alter the behavior of the State Court and Judges thereof." (*Id.* at 8.)

The magistrate judge *sua sponte* ordered Lawrence and Greenstreet to show

cause why their complaint should not be dismissed under the *Rooker-Feldman*

doctrine.[3]  Lawrence and Greenstreet responded to the order to show cause and

the magistrate judge recommended their complaint be dismissed without

prejudice.  Judge Kuenhold then filed a motion to dismiss the complaint under

Rule 12(b)(1) of the Federal Rules of Civil Procedure on the basis of *Rooker-*

---

[2]  Because Lawrence and Greenstreet filed their complaint while proceeding *pro se*, we review their pleadings liberally.  *See Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005).  We note that Lawrence and Greenstreet's position has been substantially refined by their appellate counsel, though they still have not explained what effect the default judgment had on their rights or on the rights of the Red River Trust.

[3]  The *Rooker-Feldman* doctrine is based on *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).  It "prohibits federal suits that amount to appeals of state-court judgments."  *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1139 (10th Cir. 2006).

*Feldman*.  The magistrate judge again recommended the case be dismissed

without prejudice under *Rooker-Feldman*.  On August 9, 2006, the district court

issued an order adopting the magistrate's recommendation, explaining: "[t]he

recommendations are detailed and well-reasoned.  Plaintiffs' objections are

imponder[able] and without merit."  (R. Vol. I, Doc. 21 at 2.)  Though the issue

was neither argued nor briefed by the parties, the district court concluded: "Judge

Kuenhold is entitled to absolute judicial immunity . . . as the acts of which

plaintiffs complain were all taken within his capacity as a judicial officer."  (*Id.*)

The court dismissed the complaint with prejudice.

On appeal, Lawrence and Greenstreet, now represented by counsel, contend

the court erred by dismissing their complaint under *Rooker-Feldman* because they

were not parties to the state court action.  In his supplemental answer brief, Judge

Kuenhold concedes Lawrence and Greenstreet were not parties to the state court

action and thus, under *Lance v. Dennis*, 546 U.S. 459, 464 (2006), their complaint

should not have been dismissed under *Rooker-Feldman*.[4]  Judge Kuenhold argues,

---

[4] In *Lance*, the Supreme Court reiterated *Rooker-Feldman* "is a narrow
doctrine" that has been applied by the lower courts "far beyond the contours of
the *Rooker* and *Feldman* cases."  546 U.S. at 464 (quotations omitted).  The Court
explained it had previously "held *Rooker-Feldman* inapplicable where the party
against whom the doctrine is invoked was not a party to the underlying state-court
proceeding."  *Id.* (citing *Johnson v. De Grandy*, 512 U.S. 997, 1006 (1994)).  The
Court clarified: "The *Rooker-Feldman* doctrine does not bar actions by nonparties
to the earlier state-court judgment simply because, for purposes of preclusion law,
they could be considered in privity with a party to the judgment."  *Id.* at 466.

however, the dismissal should be affirmed on the alternate basis of judicial

immunity or on the basis that a party is not entitled to equitable relief when there

is an adequate remedy at law.  In their supplemental reply brief, Lawrence and

Greenstreet contend the court should not have ruled on judicial immunity as it

was not raised by the parties.  In addition, and without citing legal authority, they

claim Judge Kuenhold is not absolutely immune from their (unspecified) claim for

declaratory relief.

## II.  DISCUSSION

"We review a dismissal under Fed. R. Civ. P. 12(b)(6) de novo."  *Ridge at*

*Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).  We

consider "whether the complaint contains 'enough facts to state a claim to relief

that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.

Ct. 1955, 1969 (2007)).  "[T]he mere metaphysical possibility that *some* plaintiff

could prove *some* set of facts in support of the pleaded claims is insufficient; the

complaint must give the court reason to believe that *this* plaintiff has a reasonable

likelihood of mustering factual support for *these* claims."  *Id*.  In conducting this

inquiry, "[w]e accept as true all well-pleaded facts . . . and view those facts in the

light most favorable to the nonmoving party."  *Maher v. Durango Metals, Inc.*,

144 F.3d 1302, 1304 (10th Cir. 1998).  Because Judge Kuenhold concedes

Lawrence and Greenstreet's complaint should not have been dismissed under

*Rooker-Feldman*, we will consider whether the court correctly concluded Judge

Kuenhold was immune from suit.

In an action for monetary damages, "[judicial] immunity is overcome in only two circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune from actions, though judicial in nature, taken in the complete absence of jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (citations omitted); *see also Beedle*, 422 F.3d at 1072 ("'A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.'") (*quoting Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). Lawrence and Greenstreet do not contend Judge Kuenhold acted outside of his judicial capacity; nor do they contend he lacked subject matter jurisdiction over the quiet title action.[5] Instead, they argue they should be allowed to seek an unspecified form of declaratory relief against Judge Kuenhold.

The only type of relief available to a plaintiff who sues a judge is declaratory relief, *see Schepp v. Fremont County*, 900 F.2d 1448, 1452 (10th Cir.

---

[5] Such an argument would be unavailing as Colorado state district courts are courts of general jurisdiction. *See* Colo. Const. art. VI, § 9 ("The district courts shall be trial courts of record with general jurisdiction, and shall have original jurisdiction in all civil, probate, and criminal cases . . . .").

1990), but not every plaintiff is entitled to this remedy.[6]  Lawrence and Greenstreet do not specify what form declaratory relief would take and their complaint cannot be read to request declaratory relief in the true legal sense.  A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act.  *See Utah Animal Rights Coalition v. Salt Lake City Corp.*, 371 F.3d 1248, 1266 (10th Cir. 2004) (McConnell, J., concurring) ("[A] declaratory judgment action involving past conduct that will not recur is not justiciable."); *Francis E. Heydt Co. v. United States*, 948 F.2d 672, 676-77 (10th Cir. 1991).

Lawrence and Greenstreet's complaint is captioned as a "Complaint for Vacation of a Void Judgment."  (R. Vol. I, Doc. 1 at 1.)  What they are seeking is a declaration of past liability, not future rights between them and Judge Kuenhold.  A declaratory judgment would serve no purpose here and thus, is not

---

[6]  In *Schepp*, we cited *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984), for the proposition that a judge "is not shielded by absolute [judicial] immunity from declaratory or injunctive relief."  900 F.2d at 1452. In 1996, Congress effectively reversed *Pulliam* with the enactment of the Federal Courts Improvement Act of 1996 ("FCIA"), Pub. L. No. 104-317, 110 Stat. 3847 (1996) (amending 42 U.S.C. § 1983).  Section 309(c) of the FCIA bars injunctive relief in any § 1983 action "against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable."  Thus, the doctrine of judicial immunity now extends to suits against judges where a plaintiff seeks not only monetary relief, but injunctive relief as well.  *See Roth v. King*, 449 F.3d 1272, 1286 (D.C. Cir. 2006), *cert. denied sub nom., Sitomer v. King*, 127 S. Ct. 1357 (2007) ("1942 U.S.C. § 1983, as amended in 1996 by the [FCIA], explicitly immunizes judicial officers against suits for injunctive relief."); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (discussing the effect of the FCIA on *Pulliam*).

available.[7]  *See S. Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 730 (10th

Cir. 1997) (concluding a declaratory judgment was not available because it

"would serve no purpose in this case").  Moreover, Lawrence and Greenstreet are

not eligible for declaratory relief because there is a more suitable remedy –

namely, a motion for relief from judgment under Rule 60(b) of the Colorado

Rules of Civil Procedure.[8]  *See State Farm Fire & Casualty Co. v. Mhoon*, 31

F.3d 979, 983 (10th Cir. 1994) (one of the factors for a court to consider in

deciding whether to hear a declaratory action is "whether there is an alternative

remedy which is better or more effective") (quotation omitted)).  We decline

Lawrence and Greenstreet's invitation to remand the case to allow them to fully

---

[7]  Furthermore, it could not be granted as "[t]he Eleventh Amendment does not permit judgments against state officers declaring that they violated federal law in the past."  *Johns v. Stewart,* 57 F.3d 1544, 1553 (10th Cir.1995) (quotation omitted).

[8]  Providing in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment . . . for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment.

Colo. R. Civ. P. 60(b).

brief the question of judicial immunity.[9]  Their claim for declaratory relief (to the extent it exists at all) was properly dismissed, as was the rest of their complaint.

**AFFIRMED**.

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge

---

[9]  Lawrence and Greenstreet did, of course, have the opportunity to argue the merits of the court's conclusion on judicial immunity in their appellate filings.